Chief Justice Burn
delivered the Opinion of the Court.
In 1815, Samuel Johnson and Daniel Preston, gave bond to the Commonwealth, in the sum of one thousand dollars, conditioned that Samuel Johnson, who had been appointed guardian to Samuel J. Keel, should “well and truly act as guardian, for the aforesaid Samuel J. Keel, in taking care of his estate according to law.”
In 1815, an action of debt was brought upon the bond by Keel, suing by bis guardian and next friend, against Preston, the surety, and surviving obligor. The condition is set forth, the death of Johnson averred, and breach assigned, that Johnson had not *585 well and truly acted as guardian, in taking care of the estate of his ward according to law; that the said guardian had received money, goods and chattels, of the estate of his said ward, to the value of four hundred dollars, which the said Johnson and the said defendant failed to pay over &c.
Pleas; demurrers sustained, and appeal.
Matter of the first plea.
Matter of the third plea.
First plea, that the condition of tho guardian’s bond sued on, had not damaged the ward: held to be nonsense and ill.
Statute prescribing ths duties of guardians, and of the county courts in relation to •them.
*585 The defendant pleaded three pleas, on the second of which issue was joined to the country; to the other two, numbered one and three, the plaintiff demurred, and upon the demurrer, the court rendered judgment for the defendant; the plaintiff appealed.
The first plea ■ is, “that the said Samuel J. Keel hath not, since the making of said writing, hitherto been in any wise damaged by means of any matter, cause or thing in the said condition.”
The other plea avers a failure by the guardian to render an inventory at the next succeeding court, after his appointment, or at any time thereafter, and the total failure to exhibit to said court, annually, or at any time in any year, accounts of the produce of the estate of his ward, or of any part, or of the disbursements, or any part thereof; and the total failure of said guardian to make any report to the county court of Christian, who appointed him, as by law he was bound tp do; and that for Jive years, the said county court, suffered said guardian to act without calling him to account, or in any way proceeding against, him; and the neglect of the county court in that behalf, is pleaded as having released the surety, Preston.
The first Plea is had. It tenders no issue as to the performance or breach of the condition, or as to damage by breach of the condition. The bond and condition were intended for the benefit of the ward,fcwho now;by this action, claims the benefit; and the plea simply asserts, in substance and effect, that- the condition of the bond has not endamaged the said Keel, the ward; hut it does not assert, that the breach of the condition hath not endamaged the ward, nor does it deny the breach of the condition.
The plea No. 3, is founded upon the statutory provisions of the act of 1797, (1 Digest, 642-3,1 which ' *586 require the guardian, speedily after his appointment by the court, to render upon oath, an inventory of the ward’s estate, to be entered of record; to render annual accounts, or oftener, if thereto required by the court, of the product, sales, and dispositions of the produce and of the disbursements; which accounts are to be examined, and if found, fairly reported and stated, and justified by the vouchers, and approved or confirmed by the court, to be entered of record, which is to throw the burthen on the ward, of proving the falsity or injustice of the account, unless notice on behalf of the ward, at the time of passing the accounts, be given to the guardian, of, objection to any article of the account. The statute farther provides, that, “any guardian who shall not deliver in such inventory, and render such accounts as aforesaid, shall, by order of the court to which he is amenable, he summoned, and if he remain in default, be compelled to perforin his duty, or displaced.”
Itemedy of the surety against the defaulting guardian.
Surety pleads the failure of the guardian to do his duty and the omission of the county court to enforce him as release of surety: but the plea not allowed.
If any surety shall, by petition to the court, set forth that he apprehends himself to be in danger of suffering thereby, and pray relief, the county court are autuorized and required (after summoning the guardian,) to require of him counter security, or •deliver the estate of the ward into the hands of the surety, or some other, or make such other order for relief of the surety, as to them shall seem just.
Those am the provisions of the statute, respecting powers and duties of the county courts over the guardian and his accounts, so far as they are necessary'to a proper understanding of the, plea. After averring the appointment, by the county court of Christian, of Samuel Johnson as guardian of the infant Keel, and the execution of the bond by the guardian and his surety, in pursuance of the stat’ ute, the surety pleads the failure of the guardian to do his duty, and the omissions of the county court to do theirs, as a release of the surety.
One obligor and party, bound by the bond and condition, has pleaded the enormity of the breach of the condition by the guardian, and the failure of the county court to call him to an account, in bar *587 of the action against himself, as co-obligor and surety.
Case of People vs. Jansen, 7 John. 332, not approved.
Case of'the U. States vs, Kirkpatrick and others, 9 Wheaton 720, prefered and its doctrines-approved.
Neglectofthe, county court to compel the guardian to render the inventory and. make his annual settlements according to the condition of. his bond, is no defence to the • surety.
The case of the People vs. Jansen and others, decided in the supreme court of New-York, (7 John. 332) has been cited in support of this plea. Acknowledging a very high respect for that court, the aid which we have often derived from their opinions, as well as the confidence with which we expect light upon questions new and difficult, when- disv cussed by that enlightened tribunal; we are constrained to doubt the propriety of pushing the relief to be afforded to sureties, to the extent to which the principles of the case of the People vs. Jansen would seem to lead.
The principles laid down in the case of the United States vs. Kirkpatrick and others, (9 Wheat. 720,) in which the supreme court of the United States have noticed the case of the people vs. Jansen, appear to us the safer, and more in unison with established doctrines of the law. In the case of Jansen and others, the bond given to the government, was for the purpose of securing the faithful performance of the duties of a loan officer; it was for the use and benefit of the government.
But m the case before us, the bond, although in form,, to the Commonwealth, in effect was to the ward, to assure to him the estate and its proceeds, committed to the management of the guardian. The infant has been guilty of no negligence, no omission; no act of the ward has placed the surety, Preston, in any worse condition than he was by his original undertaking. Wiry then should the surety be discharged? The plea-acknowledges the breach by the principal, but relies on the omissions of duty by the justices of the county court, to discharge him from his liability, to one against whose conduct there is no imputation, no complaint. The provisions of the statute, as to the duties of the county court to call for the inventory and annual settlement- of the accounts of the guardian, are required and’ enacted for the greater security of the ward. They are directory to the justices, hut form no part of the contract and undertaking of the obligors in the *588 bond, either as principal or surety. There is no reason for saying, that a misplaced confidence of the surety, in the justices of the county court, or a reliance on their fidelity in exacting the accounts of the guardian shall discharge him. He had the means of knowing whether the principal had rendered his accounts or not; if rendered, they were in a public office, accessible and open to the surety. Neither the government nor the ward had entered into, a guarantee that the justices should faithfully exact the accounts; but the surety had entered into a guarantee that the guardian should perform his duty.
Surety oí' guardian, apprehending danger of suffering by the conduct of the principal, has his remedy by summary proceedings in the county pourt.
County has no power to order suit against the guardiari, on his bond, for breach of the faondition.
The surety has less excuse in this case, than the sureties in the case of Jansen and of Kirkpatrick, because the same statute which directed the guardian to render his accounts, and authorized the justices to exact them, also provided for the security, a summary remedy against the guardian, whenever the surety apprebendeci himself in danger of suffering by the conduct of the guardian. The duties to be performed by the justices, the neglect of which, forms the burthen of the plea, were to be performed by them as the judges of the county court¿ and sitting in court. That court was open to the surety, to ask an order upon his principal to settle his accounts; but moreover, was open to the surety to petition for counter security, or to have the estate of the ward delivered to him or some other, or for such other order for relief as was just.
Rut suppose the county court had performed their duty in exacting the accounts; and the guardian had either rendered them, or refusing, the court had displaced the guardian and appointed another, what then would have been the effect of the one or the other, upon the surety? If the accounts were rendered, the justices had no power to receive the property or moneys of the ward, so reported by the guardian, nor to order any suit to accelerate the payment, and final satisfaction by tiie guardian to the ward; for that the surety would have stood bound after tine settlement of the accounts If the accounts were not rendered on the demand of the *589 county court, and the guardian was displaced, that did not discharge the bond, nor authorize the court id put the bond in suit; that right belonged not to the court. So that the duties required of the justices, if performed, could only in the one event', of accounting by the guardian, have fixed the sums accruing to the ward; and in the other, have displaced the guardian; either left the surety still responsible. This forms an important difference between the case of Jansen and the present. Upon the loan office bond, the examiners had power, upon any deficiency on the part of the officer, not only to state it and displace him, but to put the bond in suit to recover the balance due; but they made no entry of any deficiency on the part of the officer to pay into the treasury the balance due from him; until after the death of the surety. ■ After the principal became insolvent, recourse was claimed against the surety. But in this case, the only means of accelerating the relief of the surety against the danger of suffering by the conduct of his principal, was in the hands of the surety himself, by petitioning, and proceeding against his principal.
Omission of the county court to compel the guardian to render his inven ■ tory and make his periodical settlements does not impair the means of the surety to guard against bis danger of loss by the guardian’s default.
No omission of the duties, prescribed by statute to the justices of the county court, has deprived the defendant of any remedy which belonged to him, to accelerate the settlement of the accounts, nor of the means of seeking his security and indemnification against the default of the principal. This case is therefore, distinguished from that of the people vs. Jansen, in very important circumstances. The duties of the county court, if performed, could not have protected the defendant against the insolvency of the principal, if that event has happened; an event, however, not relied on in this defence, as in Jansen’s case. Upon the principles, which we think are well settled in the case of the United States vs. Kirkpatrick and others, the neglect of the court as pleaded, (nor the insolvency of the principal, if superadded,) forms no defence to this action. Nobody has in this case, lessened the means of the surety for self protection against the default of his principal. No body has lulled him into a belief that his principal had performed those
Sjlandato.
Crittenden, for appellant; Mayes, for appellee.
duties, for the neglect of which this suit is brought-The defendant could not have rested under a belief, that the county court had received of the guardian, the property, monies or products of the estate of the ward, intended to be secured by this bond, nor that they had received the penalty, for they had no right to receive or collect either; to credit the accounts was all they could have done, but to put them in suit, was not within the pale of their commission. This is a stronger case against the release of the surety, than that of Jansen, or that of Kirkpatrick.
The court erred in the decision upon the demurrer to the pleas; neither of the pleas demurred to, were sufficient in law.
It is therefore considered by the court, that the judgment of the circuit court be reversed, and the cause remanded with directions to enter judgment on the demurrer to the pleas (No. 1 and 3,) in favor of the plaintiff, and to proceed with the trial of the issue on the other plea, (No. 2) which has been joined to the country.
Plaintiff to recover his costs in. this court.